UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-1001- M |
| ) | |
| DEBBIE ALDRIDGE, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Amanda Thompson, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner is serving an eleven-year prison sentence pursuant to a January 2016 criminal conviction in the District Court of Marshall County, Oklahoma, which lies in the territorial jurisdiction of the Eastern District of Oklahoma. Pet. (Doc. No. 1) at 1; 28 U.S.C. § 116(b). Petitioner, however, filed her Petition while confined at Mabel Bassett Correctional Center in McLoud, Oklahoma. Pet. at 1. The town of McLoud is located in Pottawatomie County, Oklahoma, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Eastern District of Oklahoma have jurisdiction over this habeas proceeding. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the relevant statute, however, this Court, "in the exercise of its discretion and in furtherance of justice," may transfer the Petition "to the other district court for hearing and determination." *Id.*

In her pleading, Petitioner alleges that she is entitled to relief from her January 2016 Marshall County District Court criminal conviction because: her guilty plea was involuntary; the prosecution failed to disclose favorable evidence; she was denied her right to confront witnesses; the trial judge should not have presided over her case; the trial court abused its discretion with respect to several evidentiary rulings; and ineffective assistance of counsel. *See* Pet. at 4-6. Thus, Petitioner's habeas claims challenge her state-court criminal proceedings in the Eastern District of Oklahoma, and her appeal therefrom, rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See id.*

It follows that relevant records and officials generally will be located in the judicial district in which Petitioner was convicted. And "if a hearing is required, trial counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and noting that

"federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see, e.g.*, *Watie v. Aldredge*, No. CIV-15-1205-HE, 2016 WL 1337287 (W.D. Okla. Apr. 5, 2016).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings, including determination of *in forma pauperis* status (*see* Doc. No. 2).

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by October 26, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

The Clerk of the Court is directed to electronically serve a copy of this Report and Recommendation on Respondent and on the Attorney General for the State of Oklahoma at fhc.docket@oag.state.ok.us.

ENTERED this 5th day of October, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE