# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 17-414-JHP-KEW |
| ) | |
| DEBBIE ALDRIDGE, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Mabel Bassett Correctional Center in McLoud, Oklahoma. She is attacking her conviction and sentence in Marshall County District Court Case No. CF-07-155 for First Degree Manslaughter. She sets forth the following grounds for relief:

I. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily.

II. Conviction obtained by unconstitutional failure to disclose evidence favorable to Petitioner.

III. Court abused its discretion by violating Petitioner's statutory and due process rights to confront witnesses.

IV. Court should not have presided over this case because of conflict of interest.

V. Court abused its discretion in revoking sentence based on incompetent evidence.

VI. Court abused its discretion by admitting improper victim impact testimony at the revocation sentencing hearing.

VII. Petitioner received ineffective assistance of counsel.

VIII. Conviction obtained by use of coerced confession.

Respondent alleges Petitioner has failed to exhaust the state court remedies for her habeas claims. Petitioner has not filed a response to the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether [her] action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). The court must dismiss a state prisoner's habeas petition if she has not exhausted the available state court remedies as to her federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing she has exhausted her state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that on May 2, 2012, Petitioner entered a plea of guilty to First Degree Manslaughter and was sentenced to 15 years' imprisonment with credit for four years already served in the Department of Corrections and with the balance suspended. (Dkt. 16-1). On October 14, 2015, the State of Oklahoma filed a motion to revoke Petitioner's suspended sentence, alleging she violated probation by (1) committing the crime of Larceny of Merchandise in Carter County; (2) having a newborn baby who tested positive for marijuana and hydrocodone; and (3) testing positive for marijuana. (Dkt. 16-2). On January 27, 2016, the state district court held a hearing on the motion and revoked all 11 years. (Dkt. 16-3). Petitioner appealed the revocation of her suspended sentence, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the revocation in *Thompson v. State*, No. RE-2016-85 (Okla. Crim. App. Mar. 22, 2017) (Dkt. 16-4). Petitioner has not, however, filed a Certiorari appeal of her guilty plea or a request for post-conviction relief seeking to file a Certiorari appeal out of time.

Petitioner raised habeas Grounds III, IV, V, VI , and VII as propositions of error in her post-conviction proceedings. *Thompson*, No. No. RE-2016-85, slip op. at 4-5. She has not, however, filed a Certiorari appeal of her guilty plea or a request for post-conviction relief seeking to file a Certiorari appeal out of time. The unexhausted grounds for habeas relief, Grounds I, II, and VIII concern her plea.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all her claims in state court before bringing the petition. *Rose*, 455 U.S. at 510 (instructing a district

court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust [her] claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the Court finds a stay and abeyance is not warranted, because Petitioner has not shown good cause for her failure to exhaust Grounds I, II, and VIII. Her options for proceeding with this action are to (1) dismiss this action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claims and continue with the exhausted claims, or (3) continue this case with all claims, with the knowledge that the Court will dismiss the petition for failure to exhaust all state court remedies.

Petitioner is granted twenty-one (21) days to advise the Court of the direction she intends to pursue by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims, or (3) a notice that she intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the Court in this Order will result in dismissal of this entire action

without further notice.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 15) is DENIED, and Petitioner is directed to advise the Court of her intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as set forth above. Respondent is directed to file a response or appropriate motion within thirty (30) days of Petitioner's response to this Opinion and Order.

**IT IS SO ORDERED** this 23rd day of October, 2018.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma